DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron, appeals an order of the Summit County Court of Common Pleas that reversed a decision of the Akron Civil Service Commission and reinstated Appellee, Jerry Washington, to the Akron Fire Department. This Court reverses.
 I.
The Akron Fire Department and Akron Firefighters' Local 330 formulated a drug testing policy agreement in January 1996. The policy, entitled "Drug Screening Program for Sworn Employees of the Akron Fire Division," was incorporated into the collective bargaining agreement between Local 330 and the City ("Agreement"). Pursuant to the policy, the Akron Fire Department initiated random drug testing in July 1996.
Washington was a firefighter/medic for the City of Akron. Washington was selected for a random drug test on July 27, 2000. On August 1, 2000, the Medical Review Officer confirmed that the test was positive for marijuana. Washington was placed on an indefinite suspension on August 2, 2000. A pre-termination hearing was held on August 4, 2000, at which the Deputy Mayor of Labor Relations recommended Washington's discharge. Washington was discharged effective August 23, 2000. On August 25, 2000, Mayor Don Plusquellic denied Washington's appeal and upheld his indefinite suspension and dismissal.
Washington then appealed to the Akron Civil Service Commission ("the Commission"). After conducting a hearing on September 25, 2000, the Commission upheld the discharge.
On August 18, 1997, Washington appealed the Commission's decision to the Summit County Court of Common Pleas pursuant to R.C. 2506.01. In a decision dated June 9, 2001, the trial court reversed the Commission and ordered Washington's reinstatement. The City timely appealed, raising four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY THE CORRECT STANDARD OF REVIEW.
 A. THE TRIAL COURT ERRED IN ONLY CONSIDERING TWO SENTENCES FROM THE DRUG SCREENING PROGRAM, RATHER THAN CONSTRUING THE CONTRACT AS A WHOLE.
 B. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUBSTITUTED ITS OWN JUDGMENT, DETERMINING THAT THE AKRON CIVIL SERVICE COMISSION'S DECISION WAS ARBITRARY AND UNREASONABLE.
The City has argued that the trial court erred by failing to apply the standard of review set out in Chapter 2506 of the Revised Code. The City has argued that Washington stated in his appeal to the trial court that his appeal was pursuant to R.C. 2506 and the trial court reviewed the appeal as if it had been brought pursuant to R.C. 124.34. Washington has argued that he brought his appeal pursuant to R.C. 124.34 and, pursuant to R.C. 124.34, the trial court's review was proper. This Court disagrees.
In Ohio, a member of a fire or police department may utilize either of two separate and distinct avenues of appeal to the court of common pleas from a decision of suspension, demotion or removal from office by a municipal civil service commission. Under R.C. 124.34, an appeal may be made on questions of law and fact, i.e., a de novo hearing, or an appeal may be taken pursuant to Chapter 2506 of the Revised Code and the reviewing court will give deference to the judgment of the commission. However, when a collective bargaining agreement has been entered into pursuant to Chapter 4117 of the Revised Code, the provisions of the collective bargaining agreement prevail over other applicable statutes except for those laws specifically exempted by R.C. 4117.10(A).Cincinnati v. Ohio Council 8, American Fedn. of State, Cty. Mun. Emp. (1991), 61 Ohio St.3d 658, paragraph one of the syllabus.
Article V, Section C of the Agreement states: "Employees may appeal any formal disciplinary action to the Mayor and the Civil Service Commission subject to the conditions stated in Section 72 of the City Charter and the Akron Fire Department Rules and Regulations." Section 24.4 of the Akron Fire Department Rules and Regulations entitled "Akron City Charter — Section 72. Removal Of Officers And Employees" states, in pertinent part: "The employee or appointing authority may appeal the decision of the Civil Service Commission to the Court of Common Pleas pursuant to Ohio Revised Code Chapter 2506." This provision makes it clear that the only avenue for appeal that an officer or employee employed by the City of Akron's police or fire division has is an appeal pursuant to Chapter 2506 of the Revised Code.
Apparently, counsel for both the City and Washington are unaware of this provision. Counsel for Washington has emphatically argued on appeal that his appeal was made pursuant to R.C. 124.34 and not R.C. 2506.01. The City has argued that Washington chose to appeal under R.C. 2506.01
but makes no mention in its brief of the fact that Washington's only avenue for an appeal was under R.C. 2506.01.
 The standard of review is different on an appeal under R.C. 124.34 and R.C. Chapter 2505 than it is in an appeal under R.C. Chapter 2506. In an appeal de novo on questions of law and fact, under R.C. 124.34 and 2505.21, the reviewing court is free to substitute its judgment for that of the administrative tribunal. In an appeal under R.C. Chapter 2506, the court must give "due deference" to the administrative resolution of evidentiary conflicts.
Burch v. Cuyahoga Falls (Oct. 24, 1984), Summit App. No. 11661, unreported citing Resek v. Seven Hills (1983), 9 Ohio App.3d 224,225-226.
The Ohio Supreme Court set forth the appropriate review of an administrative decision pursuant to R.C. 2506. The Court noted:
 the common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
(Internal citations omitted.) Henley v. Youngstown (2000),90 Ohio St.3d 142, 147.
Although the trial court does not state that it conducted its review pursuant to R.C. 124.34, a review of the trial court's decision reveals that the trial court did not give due deference to the decision of the Akron Civil Service Commission as required by Chapter 2506 of the Revised Code. See Burch, supra. Accordingly, the City's first assignment of error is well taken.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT DUE CONSIDERATION WAS NOT GIVEN TO THE APPELLEE.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT USED IRRELEVANT AND ERRONEOUS EVIDENCE TO REVERSE THE DECISION OF THE AKRON CIVIL SERVICE COMMISSION.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED REINSTATEMENT OF A FIREFIGHTER/MEDIC WHO TESTED POSITIVE FOR AN ILLEGAL DRUG.
The City's second, third, and fourth assignments of error are rendered moot by our disposition of the first, and, therefore, need not be addressed at this time. See App.R. 12(A)(1).
 III.
The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
BATCHELDER, P.J.
SLABY, J. CONCUR